## Cornelius Prall v. William Underwood.

1. Verdict—*On Conflicting Evidence.*—Where the evidence is conflicting, if the jury are fairly instructed, the verdict is conclusive.

Assumpsit, for money paid by mistake. Appeal from the Circuit Court of Coles County; the Hon. Henry Van Seller, Judge, presiding. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 2, 1898.

Neal & Wiley, attorneys for appellant.

John H. Marshall and John P. Harrah, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the court.

This is an appeal from a judgment for $419.97, recovered by appellee against appellant in an action of assumpsit. The suit is based upon the claim of appellee that in the payment of certain promissory notes executed by him to appellant he had overpaid him.

It appears from the evidence that in March, 1889, Underwood purchased of Prall eighty acres of land, and to secure the purchase money executed to him eight notes for $300 each, payable one each year. Various payments were made on the notes from time to time intervening their execution and 1895, for which no receipts were given. Appellee seems to have trusted to the integrity of appellant to keep the accounts between them correctly. Early in 1895 he called upon appellant for a settlement and a deed. Appellant claimed the amount of the notes unpaid was $508. Appellee thinking that the amount was too large, appellant agreed that he would make good any mistake; whereupon the amount claimed was paid.

The items in dispute are one for $267.67, claimed to have been paid in July, 1889; one for $51.54, claimed to have been paid as taxes for appellant in April, 1891; and one for $50, claimed to have been paid in December, 1893. The jury allowed each one of these claims, which appellant

insists is not warranted by the evidence. The evidence was conflicting. The jury were in much better situation than we are to judge of the credibility of the witnesses, and we have no disposition to disturb their finding for the reason that it is not supported by the evidence. Unless we can see such error in the instructions as would lead them to an improper conclusion the judgment must stand.

The only instruction complained of, reads as follows:

" 3. The court instructs the jury that where the plaintiff proves, by a preponderance of the evidence, that certain sums of money have been paid to the defendant, and the defendant claims that said payment was made upon some other demand or account, which he claims he then held against plaintiff, the burden of proof is on the defendant to show by a preponderance of evidence that there then was a subsisting and unpaid debt due defendant from plaintiff upon which such payment was applied."

It is contended that this instruction improperly imposed upon appellant the burden of proof in a matter which the law casts upon appellee. We do not think so. It devolved upon appellee, of course, to show by a preponderance of the testimony that he had overpaid appellant; but if upon the trial it was claimed by appellant that certain money which the evidence showed appellee had paid him was applied on some other debt which appellee owed him, then the burden of proving such other debt was cast upon appellant. The instruction goes no further and is correct. Judgment affirmed.